UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, BRENDA MOORE, MARY ELLEN WILSON, MARY SHAW and CAROL KATZ, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>Defendant. | Civil Action No. 3:22-cv-988 (MPS)<br><br>August 26, 2022 |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

As more fully set forth in the accompanying Memorandum of Law and the exhibits thereto, Plaintiffs ask the Court to grant this motion for class certification. In support thereof, Plaintiffs aver:

1. Pursuant to Rules 23(a)(1)-(4) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiffs bring this action as a class action on behalf of all individuals who were enrolled in Medicaid in any state or the District of Columbia on March 18, 2020 or later and had their Medicaid eligibility terminated or reduced to a lower level of benefits on or after November 6, 2020, or will have their Medicaid eligibility terminated or reduced to a lower level of benefits prior to a redetermination conducted after the end of the Public Health Emergency ("PHE"), for a reason other than moving out of the state or the District (including through death) or voluntarily disenrolling from benefits.

**ORAL ARGUMENT REQUESTED**

2. The size of the class, estimated at several hundred thousand individuals nationwide, is so numerous that joinder of all members is impracticable.

3. Joinder is impracticable because the class is dynamic, geographically diverse, and absent class members lack the knowledge and financial means to maintain individual actions.

4. There are questions of law common to the class, including:

   a. Whether Defendant violated the Administrative Procedure Act by promulgating the portion of the Interim Final Rule codified in 42 C.F.R. § 433.400 without providing advance notice and opportunity for comment as required under 5 U.S.C. § 553.

   b. Whether Defendant violated the APA by promulgating the portion of the IFR codified in 42 C.F.R. § 433.400 and making it immediately effective rather than 30 days following publication as required under 5 U.S.C. § 553.

   c. Whether Defendant had any authority or good cause for disregarding the APA's advance notice and comment procedural rulemaking requirements, pursuant to 5 U.S.C. § 553(b)(B).

   d. Whether the portion of the IFR codified in 42 C.F.R. § 433.400 is inconsistent with Section 6008 of the Families First Coronavirus Response Act.

   e. Whether by adopting exceptions to the continuous enrollment requirements of the Coronavirus Response Act which are not authorized by the Act, Defendant violated the APA, 5 U.S.C. § 706(2)(A)-(D).

   f. Whether Defendant violated the APA by reversing its contemporaneous interpretation of the Coronavirus Response Act, without considering the reliance interests of parties.

   g. Whether it was in the "best interests of Medicaid beneficiaries" to terminate or

substantially reduce their Medicaid benefits during the pandemic and the declared PHE, as claimed by Defendant.

5. The Plaintiffs' claims are typical of the claims of the class.

6. The representative parties will fairly and adequately protect the interests of the class, and all members of the proposed class will benefit by the efforts of the named plaintiffs.

7. Plaintiffs are represented by attorneys who are experienced in Medicaid litigation, litigation under the Administrative Procedure Act, and class action litigation, satisfying the requirements of Rule 23(a)(4) and (g)(1).

8. The class is ascertainable and thus meets this additional requirement for class certification in the Second Circuit.

9. Defendant and his predecessor has acted on grounds generally applicable to the plaintiff class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole under Rule 23(b)(2).

10. This Motion is supported by Plaintiffs' Amended Complaint; Declaration of Deborah Carr in Support of Plaintiffs' Motion for Temporary Restraining Order and attached exhibits (ECF Dkt. #3-2); Declaration of Brenda Moore in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and attached exhibits (ECF Dkt. # 3-3); Declaration of Mary Ellen Wilson in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and attached exhibits (ECF Dkt. #3-4); Declaration of Mary Shaw in Support of Plaintiffs' Motion for Class Certification and attached exhibits; Declaration of Carol Katz in Support of Plaintiffs' Motion for Class Certification and attached exhibits; Declaration of Sheldon Toubman in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF Dkt. 3-5) and the attached exhibits; Declaration of

Sheldon Toubman in Support of the Plaintiffs' Motion for Class Certification and Appointment of Class Counsel; and the publicly available information as provided in the Amended Complaint, the Motion and Memorandum of Law in Support of the Motion for Temporary Restraining Order and Preliminary Injunction (ECF Dkt. #3), and the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification.

*WHEREFORE*, for the reasons set forth above and in the accompanying Memorandum, declarations and supporting exhibits, Plaintiffs request that the Court certify a nationwide class consisting of: All individuals who were enrolled in Medicaid in any state or the District of Columbia on March 18, 2020 or later and had their Medicaid eligibility terminated or reduced to a lower level of benefits on or after November 6, 2020, or will have their Medicaid eligibility terminated or reduced to a lower level of benefits prior to a redetermination conducted after the end of the PHE, for a reason other than moving out of the state or District (including through death) or voluntarily disenrolling from benefits.

DATED:  August 26, 2022

                                                  Respectfully Submitted,

                                                  */s/ Sheldon V. Toubman*
                                                  SHELDON V. TOUBMAN
                                                  Fed Bar No. ct08533
                                                  Phone: (475)345-3169
                                                  E-mail: sheldon.toubman@disrightsct.org
                                                  DEBORAH A. DORFMAN (Admitted *Pro Hac Vice*)
                                                  CT Juris No. 442946
                                                  Phone: (860)469-4463
                                                  E-mail: deborah.dorfman@disrightsct.org
                                                  Disability Rights Connecticut
                                                  846 Wethersfield Avenue
                                                  Hartford, CT 06114

CAROL A. WONG (Admitted *Pro Hac Vice*)
DC Bar No. 1035086
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1995
E-mail: cwong@justiceinaging.org

REGAN BAILEY (Admitted *Pro Hac Vice*)
DC Bar No. 465677
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org


JANE PERKINS (Admitted *Pro Hac Vice*)
NC Bar No. 9993
CA Bar No. 104784
Email: perkins@healthlaw.org
MIRIAM HEARD (Admitted *Pro Hac Vice*)
NC Bar. No. 39747
Email: heard@healthlaw.org
National Health Law Program
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
Phone: (984) 278-7661

HARVEY L. REITER (Admitted *Pro Hac Vice*)
STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 2006
Email: harvey.reiter@stinson.com
Phone: (202)728-3016
Fax: (202)572-9968

PLAINTIFFS' COUNSEL

**Certificate of Service**

      I hereby certify that on August 26, 2022, a copy of the foregoing document was filed electronically and served by overnight delivery to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by overnight delivery to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/Sheldon V. Toubman*
                                                Sheldon V. Toubman