**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

DEBORAH CARR, BRENDA MOORE, AND MARY ELLEN WILSON,

Plaintiffs,

v.

XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant.

Case No. 3:22-cv-00988 (MPS)

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

INTRODUCTION .......... 1
BACKGROUND .......... 2
LEGAL STANDARD .......... 2
ARGUMENT .......... 4
I. PLAINTIFFS LACK STANDING TO REPRESENT THE PUTATIVE CLASS. .......... 4
II. THE PUTATIVE CLASS IS NOT ADEQUATELY DEFINED OR CLEARLY ASCERTAINABLE .......... 4
III. PLAINTIFFS HAVE NOT SATISFIED THE REQUIREMENTS OF RULE 23(a). .......... 7
A. The Putative Class Lacks Commonality. .......... 7
B. The Putative Class Lacks Typicality. .......... 11
IV. THE PUTATIVE CLASS FAILS TO SATISFY RULE 23(b)(2). .......... 12
CONCLUSION .......... 13

**TABLE OF AUTHORITIES**

**Cases**

*Adkins v. Morgan Stanley*,
307 F.R.D. 119 (S.D.N.Y. 2015) ........ 11

*Brecher v. Republic of Arg.*,
806 F.3d 22 (2d Cir. 2015) ........ 3

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ........ 3

*Callari v. Blackman Plumbing Supply, Inc.*,
307 F.R.D. 67 (E.D.N.Y. 2015) ........ 7

*Cuevas v. Citizens Fin. Grp., Inc.,*
526 F. Appx. 19 (2d Cir. 2013) ........ 7

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) ........ 6

*Denney v. Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006) ........ 6

*Dobson v. Hartford Fin. Servs. Grp., Inc.*,
342 F. App'x 706 (2d Cir. 2009) ........ 5

*Dunnigan v. Metro. Life Ins. Co.*,
214 F.R.D. 125 (S.D.N.Y. 2003) ........ 5

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez,*
431 U.S. 395 (1977) ........ 3

*Guadagna v. Zucker*,
332 F.R.D. 86 (E.D.N.Y. 2019) ........ 9

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
689 F.3d 229 (2d Cir. 2012) ........ 3

*In re Drexel Burnham Lambert Grp., Inc*,
960 F.2d 285 (2d Cir. 1992) ........ 11

*In re Initial Pub. Offerings Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006) ........ 6

*In re Petrobras,*
*Sec.*, 862 F.3d 250 (2d Cir. 2017) ........ 3, 5

*M.G. v. N.Y.C. Dep't of Educ.*,
162 F. Supp. 3d 216 (S.D.N.Y. 2016) ........................................ 3

*Marisol A. v. Giuliani*,
126 F.3d 372 (2d Cir. 1997) ........................................ 7, 11

*Menking ex. rel. Menking v. Daines*,
287 F.R.D. 174 (S.D.N.Y. 2012) ........................................ 9

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010) ........................................ 3

*Onosamba-Ohindo v. Barr*,
483 F. Supp. 3d 159 (W.D.N.Y. 2020) ........................................ 12

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993) ........................................ 11

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ........................................ 4

*Tart v. Lions Gate Ent. Corp.*,
No. 14-cv-8004, 2015 WL 5945846 (S.D.N.Y. Oct. 13, 2015) ........................................ 7

*Taylor v. Zucker*,
No. 14-CV-05317 CM,2015 WL 4560739 (S.D.N.Y. July 27, 2015) ........................................ 9, 10

*Thompson v. Raiford*,
No. 3:92-CV-1539-R, 1993 WL 497232 (N.D. Tex. Sept. 24, 1993) ........................................ 9

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ........................................ *passim*

*Xiufang Situ v. Leavitt*,
240 F.R.D. 551 (N.D. Cal. 2007) ........................................ 9

*Zapka v. Coca-Cola Co.*,
No. 99 CV 8238, 2000 WL 1644539 (N.D. Ill. Oct. 27, 2000) ........................................ 5

**Statutes**

42 U.S.C. § 1315 ........................................ 8

42 U.S.C. § 1396a ........................................ 8

42 U.S.C. §1396n (2006) ........................................ 8

Pub. L. No. 116-127, 134 Stat. 178 (2020) ........................................ 1, 12

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................2, 3, 11, 12

**Regulations**

42 C.F.R. § 433.400.............................................................................................................1, 2, 11

42 C.F.R. § 440.210.............................................................................................................5, 8

42 C.F.R. § 440.220.............................................................................................................5, 8

42 C.F.R. § 440.225.............................................................................................................5, 8

42 C.F.R. § 440.240.............................................................................................................6

42 C.F.R. § 440.250.............................................................................................................6

85 Fed. Reg. 71,142 (Nov. 6, 2020)......................................................................................6, 11

**Other Authorities**

Delaware Social Services Manual, https://regulations.delaware.gov/AdminCode/title16/Department%20of%20Health%20and%20Social%20Services/Division%20of%20Social%20Services/Delaware%20Social%20Services%20Manual/17000.shtm ..............................................................8

# INTRODUCTION

Plaintiffs challenge an interim final rule ("the Rule") issued by the Centers for Medicare & Medicaid Services ("CMS") interpreting Section 6008(b)(3) of the Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178, 208-09 (2020) (the "FFCRA"). *See* 42 C.F.R. § 433.400. The FFCRA permits states to receive an optional 6.2 percentage point increase in federal Medicaid funding as long as they comply with certain conditions. One condition requires states to "provide that an individual who is enrolled for benefits under [the state Medicaid plan or waiver]" as of March 18, 2020, or thereafter, "shall be treated as eligible for such benefits through the end of the month in which" the COVID-19 public health emergency ends. FFCRA § 6008(b)(3). Under the Rule, states may not disenroll Medicaid beneficiaries during the public health emergency. The Rule also interprets this provision to mean that, subject to certain limitations, when a beneficiary loses eligibility for one Medicaid group and becomes eligible for another, states are required to move that beneficiary to the coverage group for which she is eligible.

Under the Medicaid program, states design and administer their own Medicaid plans within federal guidelines. These state plans often involve significant variations in benefits, eligibility criteria, and methodologies. Without taking any of these variations into account, Plaintiffs request that this Court certify a nationwide class of individuals whose Medicaid benefits were "reduced to a lower level" after the Rule was promulgated. *See* Pls.' Mem. in Supp. of Their Mot. for Class Certification & Appointment of Class Counsel ("Pls.' Mem."), ECF No. 44-1. Plaintiffs cannot point to a single instance in which a court has certified a nationwide class in the Medicaid context without the consent of the parties. The Court should likewise decline to certify the nationwide class here.

*First*, Plaintiffs do not have standing to bring this case. Plaintiffs have not established that their injuries are redressable by Defendant. Only the states, not the federal government, have the authority

to reinstate the eligibility of a Medicaid beneficiary or to transition a Medicaid beneficiary from one group to another. Therefore, Plaintiffs lack standing to represent the class.

*Second*, Plaintiffs have not put forth an ascertainable, clearly defined class. When a state transfers a beneficiary to a new eligibility group, it can be subjective whether that group offers a "lower level" of benefits. In some circumstances, the Court would have to undertake individualized, fact-specific inquiries to determine whether a putative class member's new set of benefits is "lower" than the benefits she previously received. Plaintiffs thus have not provided an administrable class definition.

*Third*, Plaintiffs have not met the commonality and typicality requirements in Federal Rule of Civil Procedure 23(a). Because each state's Medicaid program varies so widely, putative class members will present significant factual differences, not minor ones. And each named Plaintiff is impacted by only one subsection of the Rule, 42 C.F.R. § 433.400(c)(2)(i)(B), so the claims of the proposed class representatives are not "typical" of the putative class.

*Fourth*, Plaintiffs have not met the requirements of Rule 23(b)(2), which requires that the requested injunctive relief resolve all class members' claims. Because the enhanced Medicaid funding is optional, states need not abide by the conditions set forth in the Rule. Accordingly, even if this Court set aside the Rule, that would not necessarily remedy class members' injuries.

For all of these reasons, the Court should deny Plaintiffs' Motion for Class Certification.

## BACKGROUND

Defendant respectfully refers the Court to the more detailed background statement in his Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Def.'s PI Opp'n"), ECF No. 45.

## LEGAL STANDARD

"The class-action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting

*Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). A putative class representative may litigate the class's claims only if he is "part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members." *Id.* at 348-49 (quoting *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). To certify a class, Rule 23(a) requires that the plaintiff must demonstrate that the putative class meets the prerequisites of: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). The Second Circuit "has also 'recognized an implied requirement of ascertainability in Rule 23.'" *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017) (quoting *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015)).

In addition to the Rule 23(a) prerequisites, a party seeking class certification must satisfy one subsection of Rule 23(b). Because Plaintiffs seek to certify a class pursuant to Rule 23(b)(2), they must show that Defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart*, 564 U.S. at 360. "The Second Circuit has cautioned against certifying overbroad classes, even under Rule 23(b)(2)." *M.G. v. N.Y.C. Dep't of Educ.*, 162 F. Supp. 3d 216, 233 (S.D.N.Y. 2016) (citations omitted).

Plaintiffs "bear[] the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). "The party seeking 'class certification must affirmatively demonstrate . . . compliance with the Rule,' and a district court may only certify a class if it 'is satisfied, after a rigorous analysis,' that the requirements of Rule 23 are met." *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 237-38 (2d Cir. 2012) (citing *Wal-Mart*, 564 U.S. at 350).

## ARGUMENT

### I. PLAINTIFFS LACK STANDING TO REPRESENT THE PUTATIVE CLASS.

Plaintiffs lack standing to represent the putative class because Defendant has no ability to redress their claims. Article III standing requires that Plaintiffs "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). As Defendant explained in his Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction, Plaintiffs lack standing because they have not established that Defendant can redress their injuries. *See* Def.'s PI Opp'n at 11-16.

Plaintiffs' alleged injuries arose when their respective states—Connecticut, Delaware, or Nebraska—either transitioned them or sought to transition them from one Medicaid eligibility group to another. *See* Am. Compl. ¶¶ 116, 121, 124, 130, 142, ECF No. 43. Redressing these injuries would require Plaintiffs to be re-enrolled in their prior eligibility group or kept in their current eligibility group. But the states alone—not the federal government—are responsible for making Medicaid eligibility determinations. The states administer their Medicaid plans and adjudicate disputes over eligibility determinations. *See* Def.'s PI Opp'n at 12-13. The federal government has no authority to maintain or reinstate the eligibility of a Medicaid beneficiary or to transition a Medicaid beneficiary from one group to another. That means that the federal government—the only Defendant in this case—has no way of redressing Plaintiffs' injuries, nor the injuries of members of the putative class. Accordingly, Plaintiffs lack standing to represent the class.

### II. THE PUTATIVE CLASS IS NOT ADEQUATELY DEFINED OR CLEARLY ASCERTAINABLE.

Under the Second Circuit's ascertainability requirement, a proposed class: (1) must be "sufficiently definite so that it is administratively feasible for the court to determine whether a

particular individual is a member"; and (2) must be "defined by objective criteria that are administratively feasible," such that "identifying its members would not require a mini-hearing on the merits of each case." *In re Petrobras Sec.*, 862 F.3d at 266 (citation omitted). "Where membership in the class requires a subjective determination, the class is not identifiable." *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 135 (S.D.N.Y. 2003).

Plaintiffs define their putative class as:

> All individuals who were enrolled in Medicaid in any state or the District of Columbia on March 18, 2020 or later and had their Medicaid eligibility terminated or reduced to a lower level of benefits on or after November 6, 2020, or will have their Medicaid eligibility terminated or reduced to a lower level of benefits prior to a redetermination conducted after the end of the PHE, for a reason other than moving out of the state or the District (including through death) or voluntarily disenrolling from benefits.

Pls.' Mem. at 15 (quoting Am. Compl. ¶ 29). Plaintiffs' proposed class fails the ascertainability test because it is defined by subjective, not objective, criteria and, in some circumstances, identifying its members would require a "mini-trial." *See Dobson v. Hartford Fin. Servs. Grp., Inc.*, 342 F. App'x 706, 709 (2d Cir. 2009). Plaintiffs' proposed class definition includes those who "had their Medicaid eligibility . . . reduced to a lower level of benefits." Pls.' Mem. at 15 (quoting Am. Compl. ¶ 29). But in some cases, what constitutes a "lower level" of benefits is subjective, so whether a beneficiary who was transitioned to a new eligibility group is receiving a "lower level" of benefits would require the Court to undertake an individualized, fact-specific inquiry that may involve assessing the "class member's state of mind." *Zapka v. Coca-Cola Co.*, No. 99 CV 8238, 2000 WL 1644539, at *3 (N.D. Ill. Oct. 27, 2000).

A state Medicaid plan can offer different sets of benefits that are not easily categorized as "lower" or "higher." While federal regulations require all states to offer certain services in order to receive federal funding, *see* 42 C.F.R. §§ 440.210, 440.220, many other services are optional, *see id.* § 440.225. Each state chooses which optional services (if any) to offer to its Medicaid beneficiaries. Additionally, subject to federal requirements, certain groups of beneficiaries may receive a different

benefit package or be subject to different cost-sharing obligations than others. *See id.* §§ 440.240, 440.250. Thus, if a state transfers a beneficiary from one eligibility group to another, the two groups may have different benefit packages, and it may not be readily apparent which package best meets the beneficiary's needs or which provides a "lower level" of benefits, as Plaintiffs put it.[1] In many instances, then, identifying class members would require a mini-trial, including "inquiry into the subjective intent" and specific medical circumstances of the beneficiary. *See In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 44 (2d Cir. 2006). Such individualized, fact-specific determinations are not administratively feasible for a nationwide class made up of beneficiaries enrolled in a patchwork of state Medicaid plans. Accordingly, the class is not ascertainable.

Plaintiffs' class definition is also overbroad because it may include individuals who are not affected by the Rule. Plaintiffs include in their class definition individuals who "had their Medicaid eligibility terminated." Pls.' Mem. at 15 (quoting Am. Compl. ¶ 29). The Rule does not permit states to terminate an individual who is validly enrolled in Medicaid. *See* Additional Policy & Regulatory Revisions in Response to the COVID-19 Public Health Emergency, 85 Fed. Reg. 71,142, 71,160, 71,163 (Nov. 6, 2020). And changes to eligibility may occur because of independent action by a state, such as an error in an eligibility determination, not because of the Rule. These individuals would lack standing to challenge the Rule because changes to their Medicaid benefits would not be "fairly traceable" to the Rule. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (describing requirement that a plaintiff's injury must be fairly traceable to the defendant's conduct). And because "no class may be certified that contains members lacking Article III standing," *Denney v. Deutsche Bank*

[1] Plaintiffs may respond that such examples involve individuals who have "voluntarily" disenrolled from benefits, which Plaintiffs exclude from their class definition. But to determine whether such transitions are solely due to the state or done with the beneficiary's consent would involve extensive individualized inquiries, or thousands of mini-trials. This would not be administrable.

*AG*, 443 F.3d 253, 264 (2d Cir. 2006), Plaintiffs' definition of the class is overbroad and cannot be certified.

## III. PLAINTIFFS HAVE NOT SATISFIED THE REQUIREMENTS OF RULE 23(a).

### A. The Putative Class Lacks Commonality.

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart,* 564 U.S. at 349-50 (citation omitted). This requirement is met if "plaintiffs' grievances share a common question of law or fact." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (citation omitted). Commonality requires that the "common contention . . . must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Callari v. Blackman Plumbing Supply, Inc.*, 307 F.R.D. 67, 75 (E.D.N.Y. 2015) (citing *Wal-Mart*, 564 U.S. at 349). "[I]t is not enough to raise questions at such a high level of generality that they become common to the class." *Tart v. Lions Gate Ent. Corp.*, No. 14-cv-8004, 2015 WL 5945846, at *2 (S.D.N.Y. Oct. 13, 2015) (citing *Wal-Mart*, 564 U.S. at 350). "*Wal-Mart* clarified, the presence of common questions is not sufficient to satisfy commonality; rather, 'Rule 23(a)(2)'s commonality prerequisite requires a showing that plaintiffs' claims 'depend upon a common contention . . . [that is] of such a nature that it is capable of classwide resolution.'" *Callari*, 307 F.R.D. at 76 (quoting *Cuevas v. Citizens Fin. Grp., Inc.,* 526 F. Appx. 19, 21 (2d Cir. 2013)).

Because each member of the putative class would have vastly different legal and factual circumstances, Plaintiffs cannot meet the commonality requirement. Plaintiffs' proposed class definition rests on the inherently fact-specific inquiry of a beneficiary's eligibility determination. These determinations require states to closely examine the income and resources of a given beneficiary. The record in this case demonstrates this process. Plaintiff Carol Katz received a determination from the state of Delaware that her income brought her over the limit required for Delaware's Qualified

Medicare Beneficiary program. Declaration of Carol M. Katz ("Katz Decl.") ¶¶ 12-13, ECF No. 44-4. When she appealed, Delaware carefully examined her income and determined that, due to her Social Security benefits, her income did not meet the threshold for the Qualified Medicare Beneficiary program. Katz Decl., Ex. 2.[2] This fact-intensive adjudication involved evaluating Katz's unique circumstances and determining which Medicaid program she qualified for. Her factual situation does not resemble that of other named Plaintiffs, let alone the other, unknown class members.

Additionally, each state has its own Medicaid plan that offers different sets of benefits. As noted, the Medicaid statute makes some services mandatory, and some optional. *See* 42 U.S.C. § 1396a(a)(10); *see also* 42 C.F.R. §§ 440.210, 440.220, 440.225. Further, the Secretary of Health and Human Services may issue "waivers" that allow states to vary from the Medicaid statute, giving states even more flexibility. 42 U.S.C. §1396n (2006) (allowing the Secretary to waive the requirements of Section 1396a in certain circumstances). For example, many states have a Section 1115 demonstration, which permits them to implement "experimental" projects that provide coverage in ways not otherwise permissible under the Medicaid statute (including coverage for benefits and groups that would not otherwise be covered). *Id.* § 1315. This lack of uniformity across states belies any attempt to suggest that putative class members—subject to entirely different Medicaid regimes in different states—have "common questions of law and fact."

Tellingly, Plaintiffs fail to identify a single instance in which a court held that a nationwide class of Medicaid beneficiaries satisfied the "commonality requirement." Plaintiffs point to a number of cases that certified a nationwide class of Medicare beneficiaries, but the Medicare program is administered solely by the federal government and thus does not have the same state-by-state variation

[2] This example further underscores why Plaintiffs have no standing to bring this case against Defendant, a federal official. Subject to certain federal requirements, Delaware chooses the eligibility criteria for its own Medicaid programs, including the Qualified Medicare Beneficiary program. *See* Delaware Social Services Manual § 17300, *available at*, https://regulations.delaware.gov/AdminCode/title16/Department%20of%20Health%20and%20Social%20Services/Division%20of%20Social%20Services/Delaware%20Social%20Services%20Manual/17000.shtml. And Delaware alone makes eligibility determinations.

that exists in the joint federal-state Medicaid program. *See, e.g.*, Pls.' Mem at 2 n.2; *id.* at 17 n.7. Indeed, the cases Plaintiffs cite to all involve statewide, not nationwide, class. *See, e.g.*, *Guadagna v. Zucker*, 332 F.R.D. 86 (E.D.N.Y. 2019) (statewide Medicare and Medicaid class); *Menking ex. rel. Menking v. Daines*, 287 F.R.D. 174 (S.D.N.Y. 2012) (same); *see also* Pls.' Mem. at 2 n.2 (referencing only cases with statewide Medicaid classes). While Plaintiffs point to *Thompson v. Raiford*, No. 3:92-CV-1539-R, 1993 WL 497232 (N.D. Tex. Sept. 24, 1993), as their sole example of a nationwide Medicaid class, *see* Pls.' Mem. at 17, the court certified that class pursuant to a settlement agreement between the parties, not because it found that the class raised a common question or otherwise satisfied Rule 23(a)'s requirements. *Thompson* 1993 WL 497232 at *1. Plaintiffs also reference *Xiufang Situ v. Leavitt*, 240 F.R.D. 551 (N.D. Cal. 2007), but that case involved challenges to Medicare Part D, not any aspect of states' Medicaid programs. *Id.* at 555.

In a case similar to this one, *Taylor v. Zucker*, plaintiffs sought to certify a class of Medicaid beneficiaries who had their home care services reduced without sufficient notice and without a change in their circumstances that would justify a reduction. No. 14-CV-05317 CM, 2015 WL 4560739, at *6 (S.D.N.Y. July 27, 2015). The court denied class certification because the plaintiffs sought "to litigate hundreds of independent decisions regarding different individuals at the same time." *Id.* at *9. Plaintiffs here seek to litigate thousands of independent decisions regarding the eligibility of various Medicaid beneficiaries across all 50 states and the District of Columbia. In *Taylor*, the court ultimately found that the plaintiffs had not established commonality and typicality because even though "each named Plaintiff, and presumably each member of the putative class, has been injured by the alleged violation of the same provision of the law, their common injury is not of such a nature that it is capable of classwide resolution." *Id.* at *12. Likewise, even assuming each named Plaintiff was injured by the Rule, their common injury "is not of such a nature that it is capable of classwide resolution." And in *Taylor*, each class member's situation did not arise out of the same course of events because "the

plaintiffs here have been and are being evaluated by numerous medical personnel, working under multiple supervisors, in 68 different decision-making agencies spread across the vast geographic area that is the State of New York." *Id.* In the case at hand, putative class members' eligibility for benefits would have been evaluated by innumerable state officials in Medicaid programs across all 50 states and the District of Columbia.

Legally, the Rule affects beneficiaries in different ways. Commonality "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart*, 564 U.S. at 350. The Rule is broad and has many different components. It divides Medicaid coverage up into three tiers—benefit packages that provide Minimum Essential Coverage, packages that do not provide Minimum Essential Coverage but do provide COVID-19 treatment and testing, and packages that do neither. *See* 85 Fed. Reg. at 71,162-64. If a Medicaid beneficiary has "tier one" coverage—that is, her eligibility group provides Minimum Essential Coverage—and loses eligibility for that coverage, the state cannot move the beneficiary to an eligibility group that does not provide Minimum Essential Coverage. *Id.* at 71,164. However, if the beneficiary becomes eligible for a group that does provide Minimum Essential Coverage, the state is required to move the beneficiary to that new group. *Id.* at 71,165. If a beneficiary has "tier two" coverage—that is, her coverage does not provide Minimum Essential Coverage but provides COVID-19 testing and treatment—and loses eligibility for that coverage, the state must move the beneficiary to an eligibility group providing Minimum Essential Coverage (tier one) if she meets the eligibility criteria, but the state cannot move that beneficiary to a group that provides neither Minimum Essential Coverage nor COVID-19 testing and treatment (tier three). *Id.* Even though all putative class members allege to have been injured by § 433.400, like in *Wal-Mart*, "the mere claim by employees of the same company that they have suffered" injuries under the same statute or regulation "gives no cause to believe that all their claims can productively be litigated at once." 564 U.S. at 350.

Because the Rule operates differently with respect to individuals falling in different categories, Plaintiffs have not raised common questions of law such that Rule 23 is satisfied.

**B. The Putative Class Lacks Typicality.**

Plaintiffs have also failed to meet the typicality requirement. The requirements of commonality and typicality "tend to merge into one another, so that similar considerations animate analysis of Rule 23(a)(2) and (3)." *Marisol A.*, 126 F.3d at 376. The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc*, 960 F.2d 285, 291 (2d Cir. 1992). Plaintiffs have not satisfied the typicality requirement for the same reasons they fail the commonality requirement.

In addition, the named Plaintiffs are all allegedly injured by only one subsection of 42 C.F.R. § 433.400—the subsection that applies to Medicare Savings Programs ("MSPs"), *id.* § 433.400(c)(2)(i)(B). This subsection requires states to transfer beneficiaries with Minimum Essential Coverage to an MSP eligibility group if they become eligible for that MSP group. 42 C.F.R. § 433.400(c)(2)(i)(B). Despite only being affected by one narrow subsection of the Rule, Plaintiffs seek to certify a class of individuals who fall under any of the Rule's provisions. The "course of events" leading to Plaintiffs' eligibility determination is that each became eligible for an MSP group—a series of events that would not apply to many other members of the putative class. And while the typicality requirement can be met when there are "minor variations in the fact patterns underlying individual claims," *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993), these class members have major—not minor—variations in facts underlying their claims. *See supra* III.A. Plaintiffs have thus failed to demonstrate that their claims are typical of the class. *See Adkins v. Morgan Stanley*, 307 F.R.D. 119, 138 (S.D.N.Y. 2015), *aff'd*, 656 F. App'x 555 (2d Cir. 2016) (holding class lacked typicality because plaintiffs only represented a "small subset" of the broader group). Plaintiffs' motion for class certification

should be denied. At the very least, any class the court certifies should be limited to beneficiaries who were moved to an MSP group pursuant to the Rule and reside in the states of Connecticut, Nebraska, and Delaware.

## IV. THE PUTATIVE CLASS FAILS TO SATISFY RULE 23(b)(2).

Plaintiffs also fail to meet the requirements of Rule 23(b)(2). Certification under Rule 23(b)(2) is permitted only when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). A judge may certify a Rule 23(b)(2) class "only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360.

A single injunction would not provide relief to the members of the putative class because the temporary increase in Medicaid funding is optional. *See* § 6008(b). States are free to reject the increased Medicaid funding and, if they do, they are not required to abide by the conditions in the statute and Rule. Accordingly, even if this Court were to grant Plaintiffs' requested relief, that would not necessarily provide relief to all putative class members, because the states in which they reside could decide to reject the increased funding. In that event, any putative class members in the relevant state(s) would remain in the Medicaid group for which they would be eligible in the absence of § 6008(b)(3), and their injuries would remain. The "key" to a (b)(2) class is "the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360. Because the challenged conduct will not necessarily be redressed as to all of the class members, the putative class fails to meet the requirements in Rule 23(b)(2). *See Onosamba-Ohindo v. Barr*, 483 F. Supp. 3d 159, 190 (W.D.N.Y. 2020) (holding proposed class did not satisfy Rule 23(b)(2) because the court could not "resolve all of the claims of the proposed class with a single injunction").

## CONCLUSION

For the reasons explained above, Plaintiffs' motion for class certification should be denied.

DATED: September 26, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

/s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
DC Bar No. 1720813
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 451-7722
Fax: (202) 616-8470
madeline.m.mcmahon@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2022, a copy of the foregoing Memorandum in Response to Plaintiffs' Motion for Class Certification was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
DC Bar No. 1720813
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 451-7722
Fax: (202) 616-8470
madeline.m.mcmahon@usdoj.gov