UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BERCERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Civil Action No. 3:22-cv-00988-MPS<br><br><br><br>October 7, 2022 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME, *NUNC PRO TUNC*, TO ANSWER OR OTHERWISE RESPOND TO AMENDED COMPLAINT**

Plaintiffs respectfully file this opposition to Defendant's Motion for an Extension of Time, *Nunc Pro Tunc*, to Answer or Otherwise Respond to Amended Complaint (ECF No. 63).

Defendant filed his motion on October 6, 2022 asking the Court for an extension to file his answer or otherwise respond to Plaintiffs' Amended Complaint (ECF No. 43) twenty-one days after the Court resolves Plaintiffs' preliminary injunction (PI) motion. While Plaintiffs do not oppose an extension until October 24, 2022, twenty-one days after the original response date, as they communicated to Defendant, Plaintiffs do oppose the extension sought in Defendant's motion. There is no good cause for such an extension. To the contrary, as explained below, such a delay would prejudice Plaintiffs and frustrate judicial economy.

First, if granted, Defendant's proposed extension to file his answer will prejudice the Named Plaintiffs and the putative class as it will cause an unnecessary delay in resolving this

1

matter. Specifically, because it is unknown when Plaintiffs' PI Motion will be resolved or how it will be resolved, if Defendant's motion is granted, the filing of Defendant's answer or other response will be essentially indefinitely delayed. In turn, the overall litigation and the resolution of this case will also be indefinitely delayed. An urgent resolution to the case is needed to remediate the ongoing irreparable harm that the Named Plaintiffs and the nationwide putative class members are suffering. *See Fishman v. Paolucci*, 628 Fed. Appx. 797, 801 (2d Cir. 2015); s*ee, e.g.,* Decls. of Deborah Carr (ECF No.3-2) Brenda Moore (ECF No.3-3), Mary Ellen Wilson (ECF No. 3-4), Carol Katz (ECF No. 44-4), and Mary Shaw (ECF No. 44-3) in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3). Such a delay will also hamper Plaintiffs' ability to advance this litigation toward a resolution while the PI Motion is pending, as they will not have the benefit of Defendant's answer or any other response in preparing their case. This prejudice to Plaintiffs sharply outweighs Defendant's arguments justifying their request for what, for all practical purposes, is an indefinite delay in filing his already late answer or other response.

Additionally, having Defendant's answer or other response by the time of the preliminary injunction hearing will likely aid the Court, as it will clarify the positions of the parties and what is and is not contested. This will help to sharpen and frame the issues for the hearing on the motion for preliminary injunction and thus serve the interests of judicial economy.

Finally, Defendant has had plenty of time to file his answer or otherwise respond to the Amended Complaint. The answer or other response was due on October 3, 2022. It is now four days past the due date and Defendant is now asking the Court for what amounts to an indefinite extension until three weeks after the PI Motion is decided. Requiring a timely answer or response to the Amended Complaint is consistent with the Federal Rules of Civil Procedure which explicitly recognize the need for a speedy resolution to civil actions and proceedings brought in the United

States district courts. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding.") (emphasis added).

For the foregoing reasons, Defendant's motion for an extension of time to file his answer or otherwise respond to the Amended Complaint should be denied, except to allow an extension of twenty-one days, until October 24, 2022.

DATED: October 7, 2022

Respectfully submitted,

/s/*Sheldon V. Toubman*
SHELDON V. TOUBMAN
Fed Bar No. ct08533
Phone: (475)345-3169
E-mail: sheldon.toubman@disrightsct.org
DEBORAH A. DORFMAN (Admitted *Pro Hac)*
CT Juris No. 442946
Phone: (860)469-4463
E-mail: deborah.dorfman@disrightsct.org
Disability Rights Connecticut
846 Wethersfield Avenue
Hartford, CT 06114

CAROL A. WONG (Admitted *Pro Hac Vice*)
DC Bar No. 1035086
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1995
E-mail: cwong@justiceinaging.org

REGAN BAILEY (Admitted *Pro Hac Vice*)
DC Bar No. 465677
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org

        JANE PERKINS
NC Bar No. 9993
CA Bar No. 104784
Email: perkins@healthlaw.org
MIRIAM HEARD
NC Bar. No. 39747
Email: heard@healthlaw.org
(Admitted *Pro Hac Vice*)
National Health Law Program
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
Phone: (984) 278-7661

HARVEY L. REITER
(Admitted *Pro Hac Vice*)
STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 2006
Email: harvey.reiter@stinson.com
Phone: (202)728-3016
Fax: (202)572-9968

Counsel for Plaintiffs

### Certificate of Service

     I hereby certify that on October 7, 2022, a copy of the foregoing document was filed electronically and served by overnight delivery to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by overnight delivery to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/*Sheldon V. Toubman*
        Sheldon V. Toubman