UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, BRENDA MOORE, MARY ELLEN WILSON, MARY SHAW, and CAROL KATZ, on behalf of themselves and those similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>            Defendant. | Civil Action No. 3:22-cv-988 (MPS)<br><br>CLASS ACTION REQUESTED<br><br>November 10, 2022 |

**PLAINTIFFS' MOTION FOR EXPEDITIOUS RESOLUTION OF
PENDING NATIONWIDE PRELIMINARY INJUNCTION MOTION, AND FOR
CONSOLIDATION WITH PENDING CLASS CERTIFICATION MOTION**

On November 7, 2022, the Honorable Omar A. Williams granted Plaintiffs' motion for a preliminary injunction ("PI") in this matter as to the five Named Plaintiffs, and ruled that Plaintiffs' pending motion for a nationwide PI as also set forth in their August 3, 2022 motion (ECF# 3) was not before him. Ruling Granting PI, at 1 n.1, (ECF# 77) ("Ruling"). Because there is no current forum for consideration of the pending nationwide PI motion, and in order to expedite its consideration in light of ongoing irreparable harm affecting hundreds of thousands of individuals nationwide, Plaintiffs ask that the remaining portion of the PI motion be consolidated for expedited hearing with their pending motion for class certification (ECF# 44). Given the Honorable Michael P. Shea's heavy trial schedule, and the fact that Judge Williams already has significant familiarity with the merits issues in this case, Plaintiffs also respectfully ask that both motions be transferred to Judge Williams, or, in the alternative, that both motions be heard


before Judge Shea on December 5, 2022. Both motions have been fully briefed, which would facilitate expedited consideration. Plaintiffs also request expedited briefing on this procedural motion. These points are discussed more fully below.

**Procedural History**

On August 3, 2022, the same day that this action was initiated, Plaintiffs filed a motion for a Temporary Restraining Order ("TRO") and a PI, in which they stated, "[i]rreparable harm is readily established for all individuals cut off of full benefit Medicaid based on the IFR," Pls.' Motion for a TRO and a PI at 5, and requested, *inter alia*, that the Court:

> Grant a preliminary injunction enjoining Defendant from enforcing 42 C.F.R. § 433.400 under his Interim Final Rule *and requiring him to notify all states* (1) that they may not apply any provisions of 42 C.F.R. § 433.400 under the IFR, and (2) that they must immediately reinstate anyone cut off of full benefit Medicaid since the implementation of the IFR based on any of the extra-statutory exceptions not contained in the Coronavirus Response Act itself (*i.e.*, for a reason other than voluntarily getting off of Medicaid or leaving the jurisdiction, including through death).

*Id.* at 7 (emphasis added).

In an order dated August 8, 2022, and following an agreement by Defendant to temporarily maintain Plaintiffs Carr and Moore on full Medicaid benefits (mooting the TRO request) pending resolution of the PI motion, the Honorable Michael P. Shea set the hearing on the PI motion to be held on September 27 and 28, 2022 (ECF# 19).

On August 26, 2022, Plaintiffs filed an Amended Class Complaint (ECF# 43) and, out of an abundance of caution, moved for formal certification of a nationwide class of all individuals who lost or will lose access to Medicaid benefits due to Defendant's Interim Final Rule ("IFR"), to assure nationwide relief in the event the Court found for Plaintiffs on either or both of their Administrative Procedure Act ("APA") claims. The parties completed briefing on this motion on

October 11th (ECF# 65).

On September 10, 2022, the Court entered an order delaying the hearing on the PI due to its trial schedule, consolidating the hearing on the PI with the hearing on Plaintiffs' motion for class certification, and scheduling both for December 2, 5 and 6 (ECF# 46). The parties completed briefing on the PI on September 19, 2022 (ECF# 53).

On September 23, 2022, Plaintiffs filed an emergency motion for referral of the matter of the PI and class certification to a Magistrate Judge because of the delay inherent in waiting until December for argument on the PI for both Named Plaintiffs and class members suffering irreparable harm. (ECF# 57). On September 29, 2022, the Court denied the motion but referred the PI motion to the Honorable Omar A. Williams for adjudication, while maintaining jurisdiction over the class certification and de-consolidating the two motions, with argument on class certification on December 5, 2022 before Judge Shea. (ECF# 59). Both Plaintiffs and Defendant had fully briefed the merits of Plaintiffs' motion for a nationwide PI, but Judge Williams concluded from the bench at the October 26, 2022 PI hearing and oral argument that the transfer order (ECF# 59) applied only to that portion of the motion for PI seeking relief for the Named Plaintiffs. *See* Ruling at 1, n.1. This left Plaintiffs with no current forum for adjudication of their request for a nationwide PI.

On November 7, 2022, after the hearing on the PI, Judge Williams found that irreparable harm had been established for all five Named Plaintiffs. His Honor's ruling relied on the specific facts of Plaintiffs, but also the situation of low-income individuals losing access to their health coverage generally:

> A gap in healthcare is not likely to result in the sort of injury which can be corrected with a monetary award, particularly in Plaintiffs' age of seniority. Plaintiffs already are reporting that they are declining to seek medical assistance for serious conditions, limiting their visits to doctors for ongoing care, and facing

>the threat of residing at a nursing home (during a pandemic in which nursing home fatalities are distressingly frequent) in order to receive the level of care they require for everyday functioning. The enforcement of the IFR has cost these individuals the level of health which only follows early and consistent medical care and treatment. No monetary award can halt the progression of cancer, reverse the effects of COVID, or retract periods of anxiety and pain. These harms clearly are non-compensable in monetary damages. *See LaForest [v. Fromer Clean Air Holding Co.,]*, 376 F.3d [48,] 56 [2d. Cir. 2004] (finding district court did not abuse its discretion in holding that retirees had shown irreparable harm in a reduction in healthcare benefits which would have adverse health results).

Ruling at 18-19.[1]

Judge Williams also found that Plaintiffs had demonstrated a substantial likelihood of success on the merits of their claim that the APA had been violated by Defendant's failure to provide advance notice and comment prior to issuing 42 C.F.R. § 433.400 in his November 6, 2022 IFR. Ruling at 13-17. Finding it unnecessary to reach the issue, Judge Williams declined to rule on the likelihood of success of Plaintiffs' other APA claim that the regulation was *ultra vires*. *Id.* at 17. His Honor ordered Defendant to "reinstate its previous [pre-IFR] guidance with respect to the named plaintiffs." *Id*. at 20.

Judge Williams acknowledged that, "in their [August 3rd] motion, Plaintiffs sought a nationwide injunction," but did not adjudicate that issue in light of the transfer order. As a result, Plaintiffs' August 3, 2022 request for a nationwide PI is still pending. No argument has yet been scheduled on that part of Plaintiffs' request for relief, despite the ruling by Judge Williams that

---

[1] Judge Williams did not have to directly address the irreparable harm facing the thousands of putative class members because he limited his ruling to the Named Plaintiffs. However, in their initial brief in support of a nationwide PI, Plaintiffs already fully discussed the extensive case law in the Second Circuit finding that the termination of health coverage, particularly for low income individuals on Medicaid, was inherently irreparable harm as a matter of law. Pls.' Mem in Supp. of a TRO and a PI at 21-24, (ECF #3-1). Among the Second Circuit cases cited therein was *LaForest*, also cited by Judge Williams in his Ruling, in which the Second Circuit found that even the fear of lack of access to medical treatment due to the denial of coverage was irreparable harm, 376 F.3d 48, 55 (2d Cir. 2004), and *Strouchler v. Shah*, 891 F. Supp. 2d 504, 522 and notes 105 & 106 (S.D.N.Y. 2012), which cited *LaForest*. Indeed, as also cited in Plaintiffs' opening brief, the Second Circuit has noted that "[a] lack of medical services is exactly the sort of irreparable harm that preliminary injunctions are designed to addres*s."* *Fishman v. Paolucci*, 628 Fed. Appx. 797, 801 (2d Cir. 2015) (Summary Order referring to Medicaid enrollees cut off of benefits).

irreparable harm is being suffered by the Named Plaintiffs, whose facts Plaintiffs have previously briefed are indistinguishable from the kinds of harm being visited upon hundreds of thousands of individuals around the country who also have been affected by the unlawful IFR.

Plaintiffs now ask that the Court address this by: (1) expediting briefing on this motion, (2) consolidating the remaining portion of their PI motion with the pending class motion, and (3) either (a) adding argument on Plaintiffs' pending motion for a nationwide PI to the hearing scheduled in this matter for December 5th or (b) referring the remaining aspects of Plaintiffs' August 3rd motion, along with the class motion, to Judge Williams for expeditious hearing and resolution. While Plaintiffs will be greatly appreciative of an expeditious ruling by either of the two federal judges involved in this case to date, Plaintiffs are cognizant of Judge Shea's heavy trial case load, as noted in his Honor's September 29, 2022 transfer order (ECF# 59). In addition, as a result of his full day hearing on, and adjudication of, the PI for the Named Plaintiffs, Judge Williams has a significant level of familiarity with the details and merits of this case, allowing for some efficiencies if the pending motions are adjudicated by his Honor. Accordingly, on balance, in order to obtain as expeditious as possible a ruling on their pending motion for a PI on behalf of the many thousands of affected people in the country, many with stories at least as dire as those of the Named Plaintiffs, Plaintiffs believe it likely will serve both judicial economy and the interests of justice to transfer both motions to Judge Williams, if his Honor would agree to same.

**Requested Relief**

Judge Williams has already found that the named Plaintiffs have standing, have suffered irreparable injury and have shown a substantial likelihood of success on the merits of their claim that the absence of notice and comment rendered the challenged portion of Defendant's IFR

5

unlawful. But, although fully briefed, there is no forum to resolve Plaintiffs' still-pending motion for a nationwide PI. Given Judge Williams' ruling granting injunctive relief to the named Plaintiffs, that pending motion is ripe for expedited consideration and consolidation with their pending motion for class certification.

The issues have already been fully briefed and the instant motion is purely procedural in nature, with Plaintiffs seeking for all others the identical relief already granted to the Named Plaintiffs in the Ruling, wherein "Defendant is ordered to refrain from enforcing the IFR with respect to the named plaintiffs for the pendency of this action, and to reinstate its previous guidance with respect to the named plaintiffs." Ruling at 20. Plaintiffs therefore also request that the Court grant expedited briefing on this motion, allowing Defendant seven (7) days from today to file any opposition and Plaintiffs four (4) days thereafter to file any reply brief.

In addition, Plaintiffs request that the Court take one of two alternative approaches to assure that all of the individuals throughout the country who are currently suffering the same type of irreparable harm as the Named Plaintiffs can obtain expeditious relief in light of Judge Williams' finding of a substantial likelihood of success on Plaintiffs' procedural APA claim: (1) refer the remaining part of Plaintiffs' PI motion seeking a nationwide PI, along with the class certification motion, to Judge Williams for resolution, or (2) order that argument on the part of Plaintiffs' August 3rd motion that seeks a nationwide PI be heard on December 5, 2022, along with Plaintiffs' class certification motion.

Defendant was advised through counsel of this impending motion and asked about consent to it or to the expedited briefing schedule as proposed herein, and he responded that he would not consent to either.

DATED: November 10, 2022                                    Respectfully Submitted,

unlawful. But, although fully briefed, there is no forum to resolve Plaintiffs' still-pending motion for a nationwide PI. Given Judge Williams' ruling granting injunctive relief to the named Plaintiffs, that pending motion is ripe for expedited consideration and consolidation with their pending motion for class certification.

The issues have already been fully briefed and the instant motion is purely procedural in nature, with Plaintiffs seeking for all others the identical relief already granted to the Named Plaintiffs in the Ruling, wherein "Defendant is ordered to refrain from enforcing the IFR with respect to the named plaintiffs for the pendency of this action, and to reinstate its previous guidance with respect to the named plaintiffs." Ruling at 20. Plaintiffs therefore also request that the Court grant expedited briefing on this motion, allowing Defendant seven (7) days from today to file any opposition and Plaintiffs four (4) days thereafter to file any reply brief.

In addition, Plaintiffs request that the Court take one of two alternative approaches to assure that all of the individuals throughout the country who are currently suffering the same type of irreparable harm as the Named Plaintiffs can obtain expeditious relief in light of Judge Williams' finding of a substantial likelihood of success on Plaintiffs' procedural APA claim: (1) refer the remaining part of Plaintiffs' PI motion seeking a nationwide PI, along with the class certification motion, to Judge Williams for resolution, or (2) order that argument on the part of Plaintiffs' August 3rd motion that seeks a nationwide PI be heard on December 5, 2022, along with Plaintiffs' class certification motion.

Defendant was advised through counsel of this impending motion and asked about consent to it or to the expedited briefing schedule as proposed herein, and he responded that he would not consent to either.

DATED: November 10, 2022                                    Respectfully Submitted,

/s/Sheldon V. Toubman
SHELDON V. TOUBMAN
Fed Bar No. ct08533
Phone: (475)345-3169
E-mail: sheldon.toubman@disrightsct.org
DEBORAH A. DORFMAN (Admitted *Pro Hac Vice*)
CT Juris No. 442946
Phone: (860)469-4463
E-mail: deborah.dorfman@disrightsct.org
Disability Rights Connecticut
846 Wethersfield Avenue
Hartford, CT 06114

CAROL A. WONG (Admitted *Pro Hac Vice*)
DC Bar No. 1035086
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1995
E-mail: cwong@justiceinaging.org
REGAN BAILEY (Admitted *Pro Hac Vice*)
DC Bar No. 465677
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org

JANE PERKINS (Admitted *Pro Hac Vice*)
NC Bar No. 9993
CA Bar No. 104784
Email: perkins@healthlaw.org
MIRIAM HEARD (Admitted *Pro Hac Vice*)
NC Bar. No. 39747
Email: heard@healthlaw.org
National Health Law Program
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
Phone: (984) 278-7661

HARVEY L. REITER (Admitted *Pro Hac Vice*)
STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800

>Washington, D.C. 2006
>Email: harvey.reiter@stinson.com
>Phone: (202)728-3016
>Fax: (202)572-9968
>
>PLAINTIFFS' COUNSEL

### Certificate of Service

I hereby certify that on November 10, 2022, a copy of the foregoing document was filed electronically and served by overnight delivery to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by overnight delivery to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>*s/Sheldon V. Toubman*
>Sheldon V. Toubman