**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

DEBORAH CARR, BRENDA MOORE,
AND MARY ELLEN WILSON,

             Plaintiffs,

v.

XAVIER BECERRA, SECRETARY,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

             Defendant.

Case No. 3:22-cv-00988 (MPS)

## RESPONSE TO PLAINTIFFS' NOTICE REGARDING THE PUBLIC HEALTH EMERGENCY

Defendant hereby files this response to Plaintiffs' Notice, ECF No. 80, to correct Plaintiffs' misstatement regarding recent events. The Secretary of Health and Human Services most recently extended the COVID-19 Public Health Emergency ("PHE") on October 13, 2022. *See Renewal of Determination that a Public Health Emergency Exists*, available at https://aspr.hhs.gov/legal/PHE/Pages/covid19-13Oct2022.aspx (last visited November 16, 2022). Under the Public Health Service Act:

> Any such determination of a public health emergency terminates upon the Secretary declaring that the emergency no longer exists, or upon the expiration of the 90-day period beginning on the date on which the determination is made by the Secretary, whichever occurs first. Determinations that terminate under the preceding sentence may be renewed by the Secretary (on the basis of the same or additional facts), and the preceding sentence applies to each such renewal.

42 U.S.C. § 247d(a). Thus, the statute gives the Secretary authority to terminate the PHE either whenever he declares that an emergency no longer exists, or upon the expiration of a 90-day period beginning on the date on which his most recent determination was made. In addition, the Secretary has announced that he will give states 60 days' notice prior to the termination of the PHE. *See Letter*

*to Governors on the COVID-19 Response*, available at https://aspr.hhs.gov/legal/PHE/Pages/Letter-to-Governors-on-the-COVID-19-Response.aspx (last visited November 16, 2022).

Contrary to Plaintiffs' assertion, "the lack of notice to the states as of Friday, November 11, 2022," does not "effectively mean[] the PHE will be extended until mid-April." ECF No. 80 at 2. Rather, as explained above, subject to the Secretary's commitment to provide 60 days' notice, any termination of the PHE may occur either when the Secretary declares the emergency no longer exists or at the end of a 90-day period beginning on the date on which the Secretary's most recent determination was made. Counsel for Defendant will notify the Court when the Secretary provides notice to the states regarding any termination of the PHE.

Dated: November 23, 2022

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

MICHELLE R. BENNETT
*Assistant Branch Director*

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
DC Bar No. 1720813
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 451-7722
Fax: (202) 616-8470
madeline.m.mcmahon@usdoj.gov