# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DEBORAH CARR, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, SECRETARY,<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br><br>            Defendant. | Case No. 3:22-cv-00988 (MPS) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Xavier Becerra, by and through his undersigned attorney, hereby answers Plaintiffs' Amended Complaint, ECF No. 43, in the following numbered paragraphs, which correspond to the Amended Complaint's numbered paragraphs:

1.      This paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

2.      This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required. To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

3.      This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required. To the extent a response is deemed required, Defendant refers the Court to the

statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

4.      This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

5.      This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

6.      This paragraph consists of Plaintiffs' characterization of a guidance document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

7.      This paragraph consists of Plaintiffs' characterization of a guidance document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

8.      This paragraph consists of Plaintiffs' characterization of a publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the publication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  The remainder of this paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' assertions.

9.      This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.  This paragraph also consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies Plaintiffs' assertions.

10.     As to the first sentence of this paragraph, Defendant admits that Centers for Medicare & Medicaid Services ("CMS") held several telephone calls advising states about 42 C.F.R. § 433.400, but denies Plaintiffs' characterization of the calls, which speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

11.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

14.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

15.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

16.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

17.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

18.     This paragraph consists of Plaintiffs' characterization of this lawsuit and their request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

19.     This paragraph consists of a legal conclusion to which no response is required.

20.     This paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

21.     This paragraph consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27.     Admitted.

28.     Admitted.

29.     This paragraph consists of Plaintiffs' characterization of this lawsuit to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to bring this action as a class action under Federal Rule of Civil Procedure 23.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  The remainder of this paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

31.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

32.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

33.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the experience of Plaintiffs' counsel.  The remainder of this paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

35.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

36.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

37.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

38.     This paragraph consists of Plaintiffs' characterization of the Medicaid statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to

the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

39.    Admitted.

40.    This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

41.    This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

42.    This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

43.    This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

44.    This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

45.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

46.     This paragraph consists of Plaintiffs' characterization of a statute and a Supreme Court decision, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute and decision for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

47.     This paragraph consists of Plaintiffs' characterization of several statutes, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statutes for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

48.     This paragraph consists of Plaintiffs' characterization of a statute and guidance document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute and guidance document for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

49.     Admitted.

50.     Admitted.

51.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

52.     This paragraph consists of Plaintiffs' characterization of a statute and regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the

Court to the statute and regulation for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

53.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

54.     This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

55.     The first sentence is admitted.  The second sentence is admitted to the extent that a finding by the state that the individual would require the level of care provided in a nursing facility is one way to become eligible for Medicaid-funded personal care attendants, but denied to the extent that suggests this criteria is the only way to become eligible for Medicaid-funded personal care attendants.

56.     Admit.

57.     Admit.

58.     This paragraph consists of Plaintiffs' characterization of the Medicare and Medicaid statutes.  To the extent a response is deemed required, Defendant refers the Court to the statutes for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

59.     This paragraph consists of Plaintiffs' characterization of the Medicare statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

60.     This paragraph sets forth Plaintiffs' characterization of the Medicare and Medicaid statutes and state Medicaid plans.  To the extent a response is deemed required, Defendant refers the Court to the statutes and plans for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

61.     This paragraph's reference to "these services" is vague, and thus, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

62.     This paragraph consists of Plaintiffs' characterization of the Medicare statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

63.     This paragraph consists of Plaintiffs' characterization of the Medicare and Medicaid statutes.  To the extent a response is deemed required, Defendant refers the Court to the statutes for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

64.     This paragraph consists of Plaintiffs' characterization of the Medicaid statute and various state laws, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute and state laws for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

65.     This paragraph consists of Plaintiffs' characterization of the Medicare and Medicaid statutes, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statutes for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

66.     This paragraph consists of Plaintiffs' characterization of the Medicare and Medicaid statutes, to which no response is required.  To the extent a response is deemed required, Defendant

refers the Court to the statutes for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

     67.     Admit.

     68.     Admit.

     69.     Defendant admits that the public health emergency has been extended repeatedly and that Secretary Becerra has assured states that there will be at least 60 days' advance notice prior to the termination of the public health emergency.  Defendant denies the remaining allegations of this paragraph.

     70.     Defendant admits that Secretary Becerra did not announce on August 15, 2022, that the public health emergency would be ending.  Defendant denies the remaining allegations of this paragraph.

     71.     Defendant admits that Secretary Becerra has not announced an end date for the public health emergency.  Defendant denies the remaining allegations of this paragraph.

     72.     This paragraph consists of Plaintiffs' characterization of several webpages, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the webpages for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

     73.     This paragraph consists of Plaintiffs' characterization of a webpage, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the webpage for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

     74.     This paragraph consists of Plaintiffs' characterization of a webpage, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the

webpage for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

75.     This paragraph consists of Plaintiffs' characterization of several webpages, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the webpages for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

76.     Defendant admits the first sentence.  The remainder of this paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

77.     This paragraph consists of Plaintiffs' characterization of a news article, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the news article for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

78.     Defendant admits that, as of September 30, 2022, it has paid Connecticut $1,099,134,674 in additional federal financial participation under the Federal Medical Assistance Percentage ("FMAP") increases authorized by Families First Coronavirus Response Act ("FFCRA") §§ 6004 and 6008.

79.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

80.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

81.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

82.     This paragraph consists of Plaintiffs' characterization of several guidance documents, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance documents for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

83.     This paragraph consists of Plaintiffs' characterization of a guidance document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

84.     This paragraph consists of Plaintiffs' characterization of a guidance document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

85.     This paragraph consists of Plaintiffs' characterization of a guidance document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

86.     This paragraph consists of Plaintiffs' characterization of guidance documents, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the guidance documents for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

88.     This paragraph consists of Plaintiffs' characterization of a state document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

89.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

90.     This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

91.     This paragraph consists of Plaintiffs' characterization of a publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the publication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

92.     Defendant admits that the interim final rule ("the Rule"), Additional Policy and Regulatory Revisions in Response to the COVID-19 Public Health Emergency, 85 Fed. Reg. 71,142, 71,160-67 (Nov. 6, 2020), was issued without pre-implementation notice and comment.  The remainder of this paragraph consists of argument, legal conclusions, and Plaintiffs' characterization of comments on the Rule, to which no response is required.  To the extent a response is deemed required, Defendant denies the legal conclusions, refers the Court to the comments for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

93.     Admitted.

94.     Admitted.

95.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied. The remainder of this paragraph consists of Plaintiffs' characterization of a publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the publication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

96.     Defendant admits that the agency has not yet issued a final rule addressing the comments received in response to the Rule or the agency's Supplemental Notice, 87 Fed. Reg. 58,456, 58,456-58 (published Sept. 27, 2022).  Defendant denies the remaining allegations in this paragraph.

97.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied. The remainder of this paragraph consists of a Plaintiffs' characterization of a publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the publication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

98.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied. The remainder of this paragraph consists of a Plaintiffs' characterization of a publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the publication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

99.     This paragraph consists of Plaintiffs' characterization of a document, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the

document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

100.    This paragraph consists of Plaintiffs' characterization of a phone call and an email, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the transcript of the call and the email for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

101.    This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

102.    This paragraph consists of Plaintiffs' characterization of a publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the publication for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

103.    This paragraph consists of argument, legal conclusions, and Plaintiffs' characterization of a regulation and publication in the Federal Register, to which no response is required.  To the extent a response is deemed required, Defendant denies the legal conclusions, refers the Court to the regulation and publication for a complete and accurate statement of their contents, and denies any allegations inconsistent therewith.

104.    This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

105.     This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

106.     This paragraph consists of Plaintiffs' characterization of the Rule and the Medicare and Medicaid statutes, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the Rule and statutes for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

107.     This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the regulation for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

108.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

109.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

110.     This paragraph consists of Plaintiffs' characterization of a phone call and an email, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the transcript of the call and the email for a full and accurate statement of their contents and denies any allegations inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

111.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

113.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

115.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

116.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

117.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

119.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

120.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

121.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

123.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

124.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

125.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

126.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

127.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

128.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

129.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

130.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

131.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

132.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

133.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

134.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

135.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

136. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

137. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

138. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

139. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

140. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

141. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

142. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

143. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

144. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

145. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

146. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

147. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

148.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

149.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

150.     Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

151.     This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act ("APA"), to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the APA for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

152.     This paragraph consists of Plaintiffs' characterization of the APA, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the APA for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

153.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

154.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

155.     This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

156.     Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

157.     This paragraph consists of Plaintiffs' characterization of the APA, to which no response is required.  To the extent a response is deemed required, Defendant refers the Court to the APA for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

158.    This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

159.    This paragraph consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

The remaining paragraphs of the Amended Complaint consist of Plaintiffs' request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies each and every allegation in the Amended Complaint not expressly admitted herein to which a response is deemed required.

## DEFENSES

1.    This Court lacks subject matter jurisdiction over this action.

2.    Plaintiffs have failed to state a claim for which relief can be granted.

3.    Defendant's actions are fully consistent with the applicable provisions of the Families First Coronavirus Response Act and the Administrative Procedure Act.

## CONCLUSION

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and such other relief as the Court may deem appropriate.


Dated: December 12, 2022                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            *Principal Deputy Assistant Attorney General*

                                            MICHELLE R. BENNETT
                                            *Assistant Branch Director*

                                            */s/ Madeline M. McMahon*
                                            MADELINE M. MCMAHON

(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
DC Bar No. 1720813
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 451-7722
Fax: (202) 616-8470
madeline.m.mcmahon@usdoj.gov