IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No. 3:22-cv-00988 (MPS) |

**RESPONSE TO PLAINTIFFS' NOTICE OF PASSAGE OF LEGISLATION**

Defendant hereby files this response to Plaintiffs' Notice of Passage of Legislation Affecting Continuous Medicaid Coverage Under the Families First Coronavirus Response Act ("Pls.' Notice"), ECF No. 96, to respond to the arguments raised by Plaintiffs and to address the effect of the new legislation on this matter.

The newly enacted Consolidated Appropriations Act, 2023 ("CAA") amends Section 6008(b)(3) of the Families First Coronavirus Response Act ("FFCRA")—the provision at issue in this case—so that states do not need to abide by the condition in this provision after March 31, 2023 to receive the temporary FMAP increase. The CAA provides further support for Defendant's position that this Court should deny Plaintiffs' request for a class-wide preliminary injunction. First, the CAA undermines Plaintiffs' likelihood of success on the merits. Congress amended Section 6008(b)(3) without further clarifying the word "benefits," demonstrating Congress' implicit approval of CMS's policy interpreting the provision in the Interim Final Rule (the "Rule") challenged here. Second, the CAA tips the equities even more heavily in favor of Defendant, since any preliminary injunction entered by this Court would be inapplicable after March 31, 2023. Because states will soon begin making eligibility re-determinations as part of the unwinding process, preliminary injunctive relief

would have only minimal effect and, depending on the particulars of any injunction, could unduly burden states and beneficiaries.

The CAA amends the FFCRA Section 6008(b) to tie the end date of the condition in Section 6008(b)(3) to March 31, 2023, rather than the end of the public health emergency. Specifically, Section 6008(b)(3) now states that a beneficiary who "is enrolled for benefits under such plan (or waiver) as of March 18, 2020, or enrolls for benefits under such plan (or waiver) during the period beginning on March 18, 2020, and ending March 31, 2023, shall be treated as eligible for such benefits through March 31, 2023, unless the individual requests a voluntary termination of eligibility or the individual ceases to be a resident of the State." *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Division FF, Title V, Subtitle D, § 5131, 136 Stat. 4459 (available at https://www.congress.gov/bill/117th-congress/house-bill/2617/text).

The CAA also creates a transition period that phases out the temporary FMAP increase in increments, gradually decreasing the increased FMAP payments until December 31, 2023. Contrary to Plaintiffs' representations, this provision of the CAA was not enacted to "encourage[] states to take at least nine months to conduct their comprehensive reviews." Pls.' Notice at 2. Rather, during this transition period from April 1, 2023 through December 31, 2023, states must continue to abide by 6008(b)'s *other* provisions (which are not at issue in this case) in order to claim the temporary FMAP increase: that states may not make "eligibility standards, methodologies, or procedures" more restrictive, *see* 6008(b)(1), may not increase premiums, *see* 6008(b)(2), and must cover, and may not impose cost sharing for, COVID-19 testing services and treatments, *see* 6008(b)(4). The CAA permits states claiming the temporary FMAP increase to terminate coverage for beneficiaries who are no longer eligible as early as April 1, 2023. *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Division FF, Title V, Subtitle D, § 5131, 136 Stat. 4459 (adding, *inter alia*, a new subsection (f) to FFCRA Section 6008).

The CAA further undermines Plaintiffs' arguments on the merits in this case because Congress amended Section 6008(b)(3) without changing the word "benefits." When Congress amends a statute without altering text that has been interpreted by an administrative agency, "Congress is [] presumed

to have adopted the administrative construction." *Haig v. Agee*, 453 U.S. 280, 301 n.50 (1981); *see also* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 322 (2012) ("If a word or phrase has been authoritatively interpreted by . . . the responsible agency, a later version of that act perpetuating the wording is presumed to carry forward that interpretation."). Because Congress elected not to change the "benefits" language that CMS interpreted and relied on to support its policy in the Rule, Congress implicitly ratified the agency's interpretation. *See Lorillard v. Pons*, 434 U.S. 575, 580–81 (1978) ("[W]here, as here, Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law[.]"). Thus, Congress' passage of the CAA further shows that CMS's interpretation in the Rule is reasonable.

In addition, with the passage of the CAA, the equities now weigh even more heavily in favor of Defendant. Under the CAA, the condition in Section 6008(b)(3)—the subject of the Rule at issue in this case—will cease to apply after March 31, 2023. This means that any order from this Court regarding the Rule will be inapplicable after this date. Accordingly, even if this Court were to grant a class-wide preliminary injunction enjoining CMS from enforcing the Rule—similar to the injunction that Judge Williams ordered, *see* Order on Prelim. Inj. ("PI Order") at 7 n.10, 20, ECF No. 77, and that Plaintiffs appeared to agree was adequate at the December 5, 2022 hearing—such an injunction would be in effect for less than three months. Under the amended Section 6008(b)(3), beginning April 1, 2023, states will be free to move beneficiaries into the groups that reflect their eligibility under the normal Medicaid criteria or to terminate their coverage if they no longer qualify. Thus, any such preliminary injunction would have only the limited effect of preventing states from transferring beneficiaries to other groups, as permitted by the Rule, until the end of March.

Plaintiffs contend that because CMS has given states up to 14 months to complete the unwinding process, many ineligible beneficiaries will remain on Medicaid past March 31, 2023. *See*

Pls.' Notice at 2-3.[1] But the duration of any particular state's unwinding process does not change the straightforward fact that, after March 31, 2023, no state must abide by the conditions in Section 6008(b)(3) or the Rule in order to receive the temporary FMAP increase. Beginning April 1, 2023, under the terms of the CAA, states may terminate enrollment for ineligible Medicaid recipients entirely—something they could not do under the Rule. Therefore, any court order enjoining Defendant from enforcing the Rule and thus preventing states from moving beneficiaries into certain groups as authorized by the Rule will have no effect after March 31.

To the extent Plaintiffs suggest that the Court may order CMS (or states) to reinstate the prior eligibility of beneficiaries who were moved to different eligibility groups under the Rule, this relief is no longer at issue. Judge Williams' order did not require it, *see* PI Order at 7 n.10, and Plaintiffs represented at the December 5 hearing that they now seek an order coextensive with the order from Judge Williams. Judge Williams's order specifically recognized that "the respective state agencies are not parties in this action and thus are not themselves subject to any injunction that might be issued by this court." *Id.* (citing Fed. R. Civ. P. 65(d)(2)). An order from this Court similar to the one issued by Judge Williams would not require states to reinstate beneficiaries to their prior eligibility group; it would only prevent CMS from enforcing the Rule against states.

But even so, the CAA underscores why broader relief requiring states to reinstate beneficiaries to their prior eligibility groups is unwarranted here. Plaintiffs' assertion that "putting someone back on Medicaid is straightforward," *see* Pls.' Notice at 3, is plainly inaccurate. As Defendant detailed in his supplemental brief, *see* Def.'s Supp. Br. at 8-9, 10-12, ECF No. 85, the process of reinstating beneficiaries to their prior eligibility groups would be extremely labor intensive and costly for states. Especially now that states face a massive unwinding effort that involves reviewing the eligibility of *all* Medicaid beneficiaries, states simply do not have the administrative capacity to track down each class

---

[1] Plaintiffs misstate CMS's guidance on the unwinding. CMS does not "encourage" states to take 12 months to complete the unwinding process; CMS has required states to initiate renewals and eligibility actions within 12 months, and to complete these actions within 14 months. *See* CMS Letter, SHO# 22-001 (March 3, 2022), at 3-4, available at https://www.medicaid.gov/federal-policy-guidance/downloads/sho22001.pdf. Nor does CMS "encourage" states to evenly divide their eligibility actions across those twelve months; it gives states an example of how the unwinding process would look when a state did take 12 months, but expressly notes that "[t]here will be variation depending on individual state renewal processing timelines." *Id.* at 31.

4

member, determine their former eligibility group as of March 18, 2020,[2] request consent from each class member, and reinstate those class members who consent into their prior eligibility group before April 1, 2023. *See* Def.'s Supp. Br. Ex. F ("NAMD Comment Letter") at 2 (explaining that it would take "up to 12 months" for states to reinstate beneficiaries to their prior eligibility groups). Moreover, reinstating beneficiaries' prior coverage pursuant to a court order before switching eligibility groups again or potentially terminating Medicaid coverage entirely under the CAA in the span of several months could be confusing and harmful to beneficiaries. *Id.* at 1-2. Accordingly, even if the Court determines a class-wide preliminary injunction is appropriate, it should not award the further relief of ordering CMS (or states) to reinstate the prior eligibility of beneficiaries who were moved to different eligibility groups under the Rule, particularly in light of the CAA.

Dated: January 4, 2023                                  Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        *Principal Deputy Assistant Attorney General*

                                                        MICHELLE R. BENNETT
                                                        *Assistant Branch Director*

                                                        /s/ Madeline M. McMahon
                                                        MADELINE M. MCMAHON
                                                        (DC Bar No. 1720813)
                                                        *Trial Attorney*
                                                        U.S. Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street, NW
                                                        Washington, DC 20530
                                                        Telephone: (202) 451-7722
                                                        Email: madeline.m.mcmahon@usdoj.gov

                                                        *Counsel for Defendant*

---

[2] Notably, some beneficiaries have moved eligibility groups multiple times since the Rule was promulgated. *See* Defs.' Supp. Br. Ex. D ("Wyoming Comment Letter") at 2 ("[A] number of individuals have moved to different programs several times since November of 2020, making it difficult for our eligibility system vendor to run reports. There is no automated process to retroactively put individuals back on their original program, so staff would need to manually authorize them each month since the original switch was made.").

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2023, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
DC Bar No. 1720813
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 451-7722
Fax: (202) 616-8470
madeline.m.mcmahon@usdoj.gov