## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, BRENDA MOORE, MARY ELLEN WILSON, MARY SHAW and CAROL KATZ, on behalf of themselves and those similarly situated,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>     *Defendant*. | No. 3:22cv988(MPS) |

## <u>ORDER CLARIFYING JANUARY 31 INJUNCTION</u>

On January 31, 2023, I granted the Plaintiffs' motion for class certification, certified a class of Medicaid enrollees, and issued the following injunction on behalf of the class:

> The Defendant is ordered to refrain from enforcing the [Interim Final Rule] with respect to the members of [the] certified class through the close of business on March 31, 2023, *and to reinstate its previous guidance with respect to these individuals*. Defendant is further ordered *to inform* (within 7 days of this order) *the relevant state agencies of this revised position* as to the class members.

ECF No. 100 at 36 (emphases added) (the "January 31 Ruling"). The January 31 Ruling made clear that the injunction would expire at the close of business Eastern Time on March 31, 2023.

On February 28, 2023, the Plaintiffs filed an "emergency motion for enforcement of preliminary injunction" (ECF No. 102), to which the Government responded today at noon. I held a telephonic discussion of these filings with counsel at 5pm today and now issue this order.

I assume the reader's familiarity with the January 31 Ruling. During the discussion on the call today, it became apparent that the Government found the statement in the January 31 Ruling that it must "reinstate its previous guidance" with respect to the class to be unclear.

Although the Government properly provided Medicaid officials in each State with a copy of the January 31 Ruling and copies of its previous guidance and properly informed those officials by letter that its previous guidance was "reinstate[d] … with respect to the class members," today on the call the Government's attorney stated that it was not clear that certain aspects of its previous guidance continued to have effect.  Further, the Plaintiffs have submitted correspondence with Connecticut Medicaid officials suggesting that those officials were "awaiting guidance from [the Secretary]" as to his position on whether States must restore coverage to Medicaid beneficiaries whose benefits were terminated during the pandemic back to the date of termination, including in cases when that date fell before the January 31 Ruling.  At the end of the call, the Government's attorney requested that I issue a clarification on these matters.

        In line with the Government's request and to clear up any confusion on the matter, I issue the following clarification.  Reinstating the Secretary's previous guidance as to the class means that the guidance the Secretary issued in the few months immediately following the enactment of the FFCRA, that is, his position as to the obligations of State Medicaid agencies before the Interim Final Rule ("IFR") was adopted in November 2020, is now, once again, the Secretary's guidance and is in full force and effect.  To "reinstate," according to the Merriam-Webster dictionary, means "to place again (as in possession or in a former position)" and "to restore to a previous effective state."  Merriam-Webster.com/Dictionary/Reinstate; *see also* The American Heritage Dictionary of the English Language, 5th Ed. (defining "reinstate" as "To bring back into use or existence"; "to restore to a previous condition or position"; and "to place again in possession, or in a former state; to restore to a state from which one had been moved; to instate again").  Therefore, the current position of the Secretary on the scope and effect of the FFCRA must reflect – as to the members of the class – the position the Secretary took in the guidance

issued in the few months following the enactment of the FFCRA.  More specifically, the

Secretary must now take the same positions– and must inform State Medicaid agencies that he

takes the same positions – as those reflected in the "Frequently Asked Questions" "Updated as of

4/13/2020," ECF No. 104-1 at 18-28 and ECF No. 104-2 at 29-48, and "Last Updated June 30,

2020," ECF No. 104-1 at 50-148.  These three documents, which are the same ones the Secretary

properly sent to State Medicaid officials along with the January 31 Ruling on February 6, 2023,

include, among many other pieces of guidance, the following "frequently asked question" and

the following answer by the Secretary:

> **7.  If a state has already terminated coverage for individuals enrolled as of
> March 18, 2020, what actions should the state take?  Must those individuals
> have their coverage reinstated?**
>
> To receive the increased FMAP, states may not terminate coverage for any
> beneficiary enrolled in Medicaid during the emergency period effective March 18,
> 2020, unless the beneficiary voluntarily requested to be disenrolled, or is no
> longer a resident of the state.  States that want to qualify for the increased FMAP
> should make a good faith effort to identify and reinstate individuals whose
> coverage was terminated on or after the date of enactment for reasons other than a
> voluntary request for termination or ineligibility due to residency.  At a minimum,
> states are expected to inform individuals whose coverage was terminated after
> March 18, 2020 of their continued eligibility and encourage them to contact the
> state to reenroll.  Where feasible, states should automatically reinstate coverage
> for individuals terminated after March 18, 2020 and should suspend any
> terminations already scheduled to occur during the emergency period.  *Coverage
> should be reinstated back to the date of termination*.

ECF No. 104-1 at 22 (emphasis added).  That guidance, along with the rest of the guidance in the

FAQs, now reflects the position of the Secretary, because that is what it means to "reinstate

previous guidance," which is what I ordered the Secretary to do.  The Secretary shall

communicate this order, its "previous guidance" as reflected in the three FAQs cited above, and

my January 31 ruling to State Medicaid officials by close of business Eastern time on March 7,

2023.  Further, if asked, the Secretary (and his designees and agents) shall, as long as the

injunction in the January 31 Ruling remains in effect, inform the States that these FAQs, including the answer to Question 7 above, reflect the current guidance of the Secretary as to the scope and meaning of the FFCRA.

IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             March 2, 2023