IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No. 3:22-cv-00988 (MPS) <br><br> Class Action <br><br> April 5, 2024 |

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, NOTICE TO CLASS MEMBERS, POSSIBLE SCHEDULING OF FAIRNESS HEARING, AND FINAL APPROVAL OF SETTLEMENT AGREEMENT**

The Parties have reached a settlement, subject to Court approval, regarding the resolution of this matter, including an amount of attorneys' fees and costs to be paid to class counsel and a voluntary dismissal of this action with prejudice. The Settlement Agreement is filed herewith as Exhibit A.

The proposed Settlement Agreement was reached through extensive, arms-length negotiations between counsel for Plaintiffs and counsel for Defendant. The parties have not engaged in collusive activity at any time.  The settling Plaintiffs have not used their class action claims for unfair personal aggrandizement.

The proposed settlement, including a voluntary dismissal with prejudice, is, in the opinion of Plaintiffs' counsel, who are able, experienced, and well-qualified to evaluate the

fairness of the proposed Settlement, in the best interests of the named Plaintiffs and the class. The proposed Settlement Agreement is fair, reasonable, and adequate in light of the alleged violations by Defendant of the Administrative Procedure Act, the Court's preliminary injunction rulings (ECF Nos. 77 and 100), and the subsequent mooting of Plaintiffs' claims as a result of action by Congress. The proposed Settlement Agreement represents an effort by the Parties to avoid further litigation of the issues in this case; it does not constitute an admission of wrongdoing or liability by Defendant.

Because a class has been formally certified under Fed. R. Civ. P. 23(b)(2), reasonable notice to the class of the proposed Settlement Agreement is required under Rule 23(e). While in general a fairness hearing prior to final approval of the settlement also is required, this may not be needed in all cases. *See Doe by Doe v. Perales*, 782 F. Supp. 201, 206-207 (W.D.N.Y. 1991) (waiving notice and fairness hearing where "requiring notice and a hearing in this case would entail substantial delay and concomitant cost, all to the detriment of the class itself"). In this case, Congress has mooted the merits of Plaintiffs' claims and the only issue remaining is attorneys' fees, so the settlement does not involve any compromise of substantive rights. Accordingly, the Court may waive the fairness hearing in this case, with final approval following a reasonable period after notice with the right to file written objections. The parties leave it to the Court to decide whether a fairness hearing is needed, and have drafted the proposed Order and proposed Notice in the alternative, accordingly.

Filed herewith as Exhibit B is a summary of the number of hours for which attorneys working on the case for Plaintiffs sought reimbursement, as well as the hourly rate requested by Plaintiffs, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Detailed contemporaneous time entries by all Class Counsel were also shared with counsel for Defendant and concerns raised about certain entries were discussed over several months.

The Parties have agreed to resolve Plaintiffs' request for attorneys' fees for $150,000, which represents approximately a 36% reduction of the amount shown on Exhibit B, $235,431. The Parties agreed to this amount to reflect the litigation risk to both parties and to avoid additional litigation about fees. In addition, "[i]n determining whether a fee reduction is appropriate, 'the most critical factor is the degree of success obtained,' and courts should consider whether the plaintiffs 'achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Healey v. Leavitt*, 485 F.3d 63, 72 (2d Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). This case sought only injunctive relief, and the Court granted two preliminary injunctions in favor of class members. Congress subsequently enacted the Consolidated Appropriations Act of 2023, Public Law 117-328 (effective December 29, 2022), causing the end of the relevant condition on certain state Medicaid funding in Section 6008(b)(3) of the Families First Coronavirus Response Act as of March 31, 2023. This enactment mooted Plaintiffs' claims. Further, because this was a case for injunctive relief, the fees paid to Plaintiffs' counsel could not have reduced any monetary or other recovery obtained by class members.

Thus, there is no risk that Plaintiffs' counsel accepted a lesser settlement on the merits in order to obtain fees for themselves. *See Kemp-Delisser v. Saint Francis Hospital And Medical Center*, No. 15-cv-1113 (VAB) 2016 WL 6542707 at *14 (D. Conn. Nov. 3, 2016) ("where the parties agree to a fee that is to be paid separately by the Defendants

3

rather than one that come from, and therefore reduces, the Settlement Fund available to the class, 'the Court's fiduciary role in overseeing the award is greatly reduced' because 'the danger of conflicts of interest between attorneys and class members is diminished'") (*quoting Jermyn v. Best Buy Stores, L.P.*, No. 08-CIV-214 CM, 2012 WL 2505644, at *9 (S.D.N.Y. June 27, 2012)).  In these circumstances, the underlying purpose of the Rule 23(e) requirement for court review of the settlement of fees in a class action has been satisfied.

As required by Rule 23(h)(1), notice of this motion will be "directed to class members in a reasonable manner" by prominently posting at the websites of Plaintiffs' counsel on this date, to remain for a period of four weeks, the written notice attached hereto as Exhibit C.  The notice includes links to this motion and memorandum and to Exhibits A and B along with instructions for any class member who wants more information or who wishes to file a written objection to approval of this motion or to appear at the fairness hearing, if that is deemed necessary. The notice is drafted in the alternative to account for the possibility that the Court determines a fairness hearing is necessary.

The deadline for filing objections will be set by the Court, on a date which is at least four weeks following the date of its preliminary approval of the settlement and ordering of issuance of notice to the class on class counsel's respective websites.

Once that deadline has passed, the Parties jointly request that the Court, if it determines a fairness hearing is required, schedule a fairness hearing on a date at least eight weeks after the date of preliminary approval of the Settlement Agreement and then grant their motion for final approval of the settlement.

1.

Respectfully submitted, this 5th day of April, 2024.

*/s/Sheldon V. Toubman*
SHELDON V. TOUBMAN
Fed Bar No. ct08533
Phone: (475)345-3169
E-mail:
sheldon.toubman@disrightsct.org
DEBORAH A. DORFMAN
(Admitted *Pro Hac Vice*)
CT Juris No. 442946
Phone: (860)469-4463
E-mail:
deborah.dorfman@disrightsct.org
Disability Rights Connecticut
846 Wethersfield Avenue
Hartford, CT 06114

CAROL A. WONG (Admitted *Pro Hac Vice*)
DC Bar No. 1035086
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1995
E-mail: cwong@justiceinaging.org
REGAN BAILEY (Admitted *Pro Hac Vice*)
DC Bar No. 465677
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org

JANE PERKINS (Admitted *Pro Hac Vice*)
NC Bar No. 9993
CA Bar No. 104784
Email: perkins@healthlaw.org
MIRIAM HEARD (Admitted *Pro Hac Vice*)

NC Bar. No. 39747
Email: heard@healthlaw.org
National Health Law Program
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
Phone: (984) 278-7661

HARVEY L. REITER (Admitted *Pro Hac Vice*)
STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 2006
Email: harvey.reiter@stinson.com
Phone: (202)728-3016
Fax: (202)572-9968

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

MICHELLE R. BENNETT
*Assistant Branch Director*

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendant*

**Certificate of Service**

      I hereby certify that this 5th day of April, 2024, a copy of the foregoing document was filed electronically and served by overnight delivery to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by overnight delivery to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        */s/Sheldon V. Toubman*
                                        Sheldon V. Toubman