# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH CARR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No. 3:22-cv-00988 (MPS) |

**SETTLEMENT AGREEMENT**

By and through their respective counsel, Plaintiffs Deborah Carr, et al., along with Defendant Xavier Becerra, in his official capacity as United States Secretary of Health and Human Services, (collectively, the "Parties"), hereby agree to settle and compromise the civil action captioned *Carr, et al., v. Becerra*, Civ. No. 3:22-cv-00988 (MPS) (the "Civil Action"), including Plaintiffs' request for an award of attorney fees, under the terms and conditions set forth in this Settlement Agreement (the "Agreement").

1. Within 21 days of execution of this Settlement Agreement, the Parties will file a joint motion for approval of the Settlement Agreement.

2. Upon final Court approval of this Settlement Agreement, the Civil Action shall be dismissed with prejudice.

3. Upon final Court approval of this Settlement Agreement, Defendant shall pay Plaintiffs One Hundred and Fifty Thousand Dollars ($150,000.00) (the "Settlement Payment") in full and complete satisfaction of Plaintiffs' claims for fees, costs, and litigation expenses, inclusive of any interest, in the Civil Action. Plaintiffs direct that the Settlement Payment be made in a lump sum to Disability Rights

CT. Defendant shall promptly commence processing this payment after the later of the Effective Date of this Agreement or the date when Plaintiffs provide Defendant with correct and complete payment processing information.

4.     Upon final Court approval of this Settlement Agreement, Plaintiffs hereby fully and forever release and discharge Defendant, the United States, any department, agency or establishment of the United States, and their present or former officials, employees, successors, and agents, in their official and individual capacities, from any and all rights to attorney fees, costs, and other litigation expenses or claims for attorney fees, costs, and other litigation expenses that have been, or could have been, made as a result of the Civil Action.

5.     If the Settlement Agreement is not approved by the Court in its entirety, the Civil Action will proceed as if no settlement has been attempted.

6.     Plaintiffs assume liability for any tax consequences that may arise from this Agreement. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs. This Agreement is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement payment. Further, nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendant as to the application of any such law.

7.     This Agreement has been entered into by the Parties solely for the purposes of compromising the Civil Action, including potentially disputed claims for an award of attorney fees, costs, and other litigation expenses in the Civil Action, without protracted legal proceedings and avoiding the expense and risk of litigation. Therefore, this Agreement shall not be construed as evidence or as an admission regarding any issue of law or fact, or as evidence or as an admission by Defendant, Plaintiffs, or

Plaintiffs' counsel regarding Plaintiffs' entitlement to, or the appropriate amount of, attorney's fees, costs, and other litigation expenses. This Agreement shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding.

8.   This Settlement Agreement, which may be executed in counterparts, shall be effective once it has been signed by all of the signatories identified below. PDF versions of signatures will constitute acceptable, binding signatures for purposes of this Agreement.

Dated:  April 4, 2024                                Respectfully submitted,

*/s/ Sheldon V. Toubman*
SHELDON V. TOUBMAN
Fed Bar No. ct08533
Phone: (475)345-3169
E-mail: sheldon.toubman@disrightsct.org
DEBORAH A. DORFMAN (Admitted *Pro Hac Vice*)
CT Juris No. 442946
Phone: (860)469-4463
E-mail: deborah.dorfman@disrightsct.org
Disability Rights Connecticut
846 Wethersfield Avenue
Hartford, CT 06114

CAROL A. WONG (Admitted *Pro Hac Vice*)
DC Bar No. 1035086
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1995
E-mail: cwong@justiceinaging.org
REGAN BAILEY (Admitted *Pro Hac Vice*)
DC Bar No. 465677
Justice in Aging
1444 I Street, NW, Suite 1100
Washington, DC  20005
Phone: (202) 683-1990
E-mail: rbailey@justiceinaging.org

JANE PERKINS (Admitted *Pro Hac Vice*)
NC Bar No. 9993
CA Bar No. 104784
Email: perkins@healthlaw.org

MIRIAM HEARD (Admitted *Pro Hac Vice*)
NC Bar. No. 39747
Email: heard@healthlaw.org
National Health Law Program
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
Phone: (984) 278-7661

HARVEY L. REITER (Admitted *Pro Hac Vice*)
STINSON LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 2006
Email: harvey.reiter@stinson.com
Phone: (202)728-3016
Fax: (202)572-9968

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

MICHELLE R. BENNETT
*Assistant Branch Director*

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendant*