## NOTICE

## TO PERSONS WHO HAD THEIR MEDICAID BENEFITS TERMINATED OR REDUCED, FROM MARCH 18, 2020 TO MARCH 31, 2023

## PROPOSED SETTLEMENT IN CARR, ET AL V. BECERRA
**United States District Court for the District of Connecticut**
Case No.3:22-cv-00988 (MPS)

*Carr v. Becerra* is a federal lawsuit filed in the United States District Court for the District of Connecticut.

In this lawsuit, the plaintiffs, five individuals residing in Connecticut, Delaware and Nebraska, alleged that the Centers for Medicare & Medicaid Services issued an Interim Final Rule ("IFR") on November 6, 2020 which changed its interpretation of Section 6008(b)(3) of the Families First Coronavirus Response Act ("FFCRA"), a provision protecting access to Medicaid benefits during the federally-declared public health emergency related to COVID-19, thus causing a reduction in their Medicaid benefits. They filed suit against the Secretary of the U.S. Department of Health and Human Services, alleging that the IFR violated procedural and substantive provisions of the Administrative Procedure Act, 5 U.S.C. §§ 553 & 701 et seq.

This case was certified by the Court as a nationwide class action lawsuit on behalf of:

> All individuals who were enrolled in Medicaid in any state on March 18, 2020 or later and, as a result of the adoption of the IFR on November 6, 2020, [ ] had their Medicaid eligibility reduced to a lower level of benefits and were determined to be eligible for a Medicare Savings program … prior to a redetermination conducted after March 31, 2023.

On November 7, 2022, U.S. District Judge Omar A. Williams granted the Named Plaintiffs' motion for a preliminary injunction, ordering the Defendant to "refrain from enforcing the IFR with respect to the Named Plaintiffs for the pendency of this action, and to reinstate its

**EXHIBIT C**

previous guidance with respect to the named plaintiffs," and "to inform . . . the relevant state agencies of this revised position with respect to the named plaintiffs."

On December 29, 2022, after the parties briefed the issues of class certification and class-wide injunctive relief, President Biden signed into law the Consolidated Appropriations Act, 2023 (the "CAA"), which amended section 6008(b)(3) of the FFCRA. Pub. L. 117–328. In particular, the CAA provided that section 6008(b)(3) would terminate on March 31, 2023. This meant that, starting April 1, 2023, states could terminate coverage for beneficiaries who were no longer eligible, following a redetermination. § 5131 of the CAA.  It also meant that the provisions of the IFR challenged by Plaintiffs ceased to have any impact after March 31, 2023.

The Court, per Judge Michael P. Shea, subsequently, on January 31, 2023, granted injunctive relief to the class through to March 31, 2023, the last day upon which the IFR would affect the class.

The Named Plaintiffs and the Defendant have reached a tentative Settlement Agreement to resolve the merits of the lawsuit, subject to court approval. The settlement provides that, upon court approval, the case will be voluntarily dismissed. It also provides that, to settle the claims of the Plaintiffs' attorneys for their time and costs in litigating this case on behalf of the plaintiff class, the Defendant will, upon approval by the Court, pay the Plaintiffs $150,000. All members of the class will be bound by this agreement if it is approved by the Court.

**RIGHT TO OBJECT**: Any class member has the right to object to this proposed Settlement Agreement.

You may review the Settlement Agreement, a summary of how attorney's fees were computed, and the motion requesting court approval of the settlement by visiting the Civil Clerk's office, U.S. Courthouse.

These three documents are also available at the following websites:

**EXHIBIT C**

www.disrightsct.org
www.healthlaw.org
www.justiceinaging.org
www.stinson.com

To object, you must file your objections by mailing your reasons for objection to the Clerk of the Court, United States District Court for the District of Connecticut, 450 Main Street, Hartford, Connecticut, 06103, no later than _____, 2024. If you wish to file evidence to support your objections, you must file the evidence in writing by that date.

[You may also raise any objections to this proposed settlement by appearing in person at the hearing in this matter at the United States District Court for the District of Connecticut, at 450 Main Street, Hartford, Connecticut on _____ at _____.]

To ask questions of Plaintiffs' attorneys about the case or the procedure for objecting to the settlement, you can also email Plaintiffs' attorneys at sheldon.toubman@disrightsct.org

**EXHIBIT C**